## Case No. 2,824.

### CLARK v. ISELIN et al.

[9 Blatchf. 196.][1]

Circuit Court, S. D. New York. Oct. 26, 1871.

#### APPEAL IN BANKRUPTCY.

Where a suit in equity is brought in the district court, under the jurisdiction conferred on that court by the second section of the bankruptcy act of March 2, 1867 (14 Stat. 518), by an assignee in bankruptcy, against a person claiming an adverse interest, touching property vested in the assignee, no appeal can, before a final decree in the suit, be taken to this court, by the defendants therein, from an interlocutory decree made by the district court.

[Cited in Re Casey, Case No. 2,495.]

[In equity. Bill by James R. Clark, Jr., assignee in bankruptcy of Henry E. Dibblee, D. P. Bingley, and J. J. Knauss, against Adrian Iselin and Isaac Iselin to set aside certain transfers and securities, as in fraud of the bankrupt law. Complainants move to dismiss an appeal from an interlocutory decree of the district court.]

Charles H. Smith, for plaintiff.
Henry W. Clark, for defendants.

WOODRUFF, Circuit Judge. It is conceded that this is a suit in equity in due form, commenced by bill, and proceeding, by answer, replication and formal proofs, to a hearing and decree, upon pleadings and proofs, in the district court. The suit is brought to set aside certain transfers of securities and a payment of money, alleged to have been made by a bankrupt to the defendants, in fraud of the bankrupt law, and to compel the defendants to account therefor, and for an account of certain securities previously held by the defendants, as security for certain indebtedness by the bankrupt to them, and of the moneys collected thereon. The decree in the district court adjudged the invalidity of the first named transfers, and directed an accounting by the defendants, referring the case to a master to take the account, with special directions in relation thereto, and ordered a recovery upon the coming in and confirmation of the report of the master. It is conceded, that this decree is interlocutory, and not a final decree. From such decree the defendants appealed to this court; and the complainant now moves to dismiss the appeal, on the ground that no appeal can regularly be brought until final decree is entered in the district court.

The jurisdiction in virtue whereof this suit was brought in the district court was conferred by the second section of the bankrupt law of March 2, 1867 (14 Stat. 518), wherein it is declared, that the circuit courts "shall have concurrent jurisdiction with the district courts of the same district, of all suits at law or in equity which may or shall be brought by the assignee in bankruptcy against any

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

person claiming an adverse interest * * * touching any property or rights of property of said bankrupt transferable to or vested in such assignee." Without this provision no such suit could have been brought in that court, and it is, therefore, true, that no provision of any prior statute regulating appeals had specific or express application to such a suit in the district court. Section 8 of the bankrupt law, however, provides, that "appeals may be taken from the district to the circuit courts in all cases in equity, * * * under the jurisdiction created by this act, when the debt or damages claimed amount to more than five hundred dollars;" and the section, after providing, also, for an appeal from a "decision" of the district court, allowing or rejecting a claim made by a supposed creditor, requires notice of the appeal to be given "within ten days after the entry of the decree or decision appealed from."

It is claimed, that there is no statute restriction which prohibits an appeal to the circuit court from an interlocutory decree made in the district court, and that, therefore, the practice of the high court of chancery in England, in this respect, like the practice in the late court of chancery in New York, permitting appeals from such decrees, ought to govern this question. Act Sept. 29, 1789 (1 Stat. 93, § 2); Act May 8, 1792 (1 Stat. 276, § 2); Hinde v. Vattier, 5 Pet. [30 U. S.] 393; Rule 90, Equity Rules Cir. Ct. It is also claimed, that the language of the eighth section, requiring that the appeal shall be taken within ten days after the entry of the "decree or decision," imports that such appeal may be taken without awaiting a final decree. There is no force in this last suggestion. The section provides for an appeal in two classes of cases, namely, in "cases in equity," and on a "decision" allowing or rejecting a claim. It was, therefore, appropriate to use the expression, "decree or decision appealed from." That language refers to, and is apt to describe, each class, and only indicates, that, in cases in equity, a decree may be the subject of appeal, and that, where a claim is allowed or rejected, the appeal is to be taken within ten days after the "decision," referring to the immediately preceding language, giving an appeal "from the decision" of the district court allowing or rejecting such claim.

I am of opinion, that the appeal, in cases in equity, must be from the final decree, and from that only. The language last referred to plainly indicates that it is to be from a decree, and not from any and every order in the progress of the cause; and yet appeals might, in England and in the state of New York, have been taken from orders in the progress of the cause, antecedent to even an interlocutory decree. The policy indicated in the legislation of congress, on the subject of appeals, as well as writs of error, in all other statutes, whether taken

from the district court to the circuit court, or from the circuit court to the supreme court, is uniform, in confining the review, in the appellate tribunal, to final judgments and decrees. The judiciary act of September 24, 1789, gave an appeal to the circuit court in causes of admiralty and maritime jurisdiction, from final decrees only. 1 Stat. 83, § 21. The review in the circuit court, provided for by the 22d section of that act, was only of final decrees and judgments. So, also, under the same act, and under the act of March 3, 1803 (2 Stat. 244), the appeal from the circuit court to the supreme court is given from final decrees only. Under the statutes giving such appeals, provision is made for the giving of a bond by the appellant, which has been uniformly held to require, if a supersedeas of execution was sought, that such bond be sufficient to secure the whole judgment or decree; and the provisions in respect to the operation of such an appeal, or writ of error, as a supersedeas of execution, if such bond be given, indicate that none other than judgments, or decrees ripe for execution are contemplated. In this respect, section 8 of the bankrupt law, now under consideration, implies the same, in the provision, that "no appeal shall be allowed unless the appellant, at the time of claiming the same, shall give bond in manner now required by law in cases of such appeals." The whole policy of the statutes has been to allow but one appeal, and that from the final decree; and no reason exists for allowing appeals from other orders or decrees, in a suit in equity brought by or against an assignee in bankruptcy, which would not have equal force in any other cause. It is true, that, if the interlocutory decree should be reversed, the labor and expense of the proceedings before the master may be lost; but that is equally true of causes in admiralty, and equally true of all appeals from the circuit court to the supreme court; and it is, moreover, true, that the proceedings before the master may not be wholly lost, even if, in some respect, the interlocutory decree be deemed erroneous. It may be modified. It may be even adapted to the facts which shall be reported by the master. Even the district court has power, on the coming in of the master's report, to conform the final decree to all the proofs in the cause. It is, at least, doubtful, whether to permit appeals from any other than final decrees does not, as the general rule, tend to prolong litigation and increase expense, without corresponding benefit; and it may well be, that congress did not, in this particular, regard the possible delays and protracted duration of chancery suits in England as desirable.

If, notwithstanding these suggestions, the question under the act was deemed doubtful, the authority given to the supreme court, by section 10 of the bankrupt law, to frame general orders "for regulating the practice

and procedure upon appeals," followed by general order No. 26, in which the supreme court declare, that, "appeals in equity from the district to the circuit court, and from the circuit to the supreme court of the United States, shall be regulated by the rules governing appeals in equity in the courts of the United States," ought to be regarded as conclusive, at least as an opinion of the supreme court, that appeals under section 8 are to be made from final decrees only, if not a binding regulation upon the subject.

The appeal must be dismissed; but, as the question was deemed doubtful, and the appeal was taken out of abundant caution, and lest it should be urged, on appeal from the final decree, that the decision embodied in the interlocutory decree could not be reviewed, no costs should be allowed on this motion.

[NOTE. For proceedings on appeal from the final decree, and subsequent reversal of the circuit court decree thereon by the supreme court, see Case No. 2,825, next following.]