### In re BRIGGS.

### HUTCHINS v. BRIGGS et al.

### SAME v. TATE et al.

### (Circuit Court of Appeals, Second Circuit.　April 18, 1894.)

1. BANKRUPTCY—JURISDICTION OF CIRCUIT COURT.
   Under the supervisory jurisdiction over all bankruptcy proceedings conferred on the circuit court (Rev. St. U. S. § 4986), it may entertain a petition to review the refusal of the district court to remove an assignee in bankruptcy.

2. SAME—CIRCUIT COURT OF APPEALS.
   Act March 3, 1891, § 4, which transfers to the circuit courts of appeals created by that act, and to the supreme court, the jurisdiction theretofore exercised by the circuit courts on appeal or writ of error, does not affect the supervisory jurisdiction over bankruptcy proceedings which is conferred on the circuit courts by Rev. St. U. S. § 4986.

3. SAME—APPELLATE JURISDICTION—INTERLOCUTORY ORDERS.
   Rev. St. U. S. § 4980, confers upon the circuit courts appellate jurisdiction in bankruptcy cases in the district courts; and Act Cong. March 3, 1891, §§ 4–6, transfers the appellate jurisdiction theretofore vested in the circuit courts to the circuit courts of appeals and the supreme court. *Held,* that this jurisdiction extends only to final judgments, and does not authorize a review of the action of the district court in refusing to dismiss, for want of prosecution, a suit brought by the assignee in bankruptcy.

Appeal from the District Court of the United States for the Southern District of New York.

Petition of appeal from the decision of the district court in the matter of Alanson T. Briggs, a bankrupt, and in the suits of Augustus Hutchins, as his assignee, against Alanson T. Briggs and others, and of the same against Amelia A. Tate and others.

Samuel E. Briggs, as a creditor of the above-named bankrupt, made a motion in the bankruptcy proceedings pending in the United States district court for the southern district of New York to remove the assignee in bankruptcy. He also moved, as a defendant in two suits in equity pending in that court, brought by the assignee of the bankrupt, to dismiss the suits for want of prosecution. The district court denied the motion to remove the assignee, and denied the motion to dismiss the suits in equity, except upon condition of payment by the defendant to the assignee of the sum of $2,650, as counsel fee, costs, and disbursements. Thereupon, Briggs filed in this court a petition of appeal, praying that this court exercise jurisdiction under section 4986 of the Revised Statutes of the United States, conferring a general superintendence and jurisdiction upon the circuit court of all cases and questions arising in the district court, when sitting as a court of bankruptcy, and review and reverse the proceedings of the district court. The assignee in bankruptcy moves to dismiss the petition of appeal.

Geo. C. Lay, for appellant Briggs.

Wm. F. Scott, for assignee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge.　Properly speaking, there are no appeals pending in this court.　No assignment of errors has been filed, no appeal or writ of error has been allowed, and no citation has been issued.　But the theory of the petitioner is that the circuit court has no longer jurisdiction to review proceedings in bankruptcy,

under section 4986 of the Revised Statutes; that by the act of March 3, 1891, the jurisdiction which was taken away from the circuit court was conferred upon this court; and that, when exercised, it may be invoked, by the terms of section 4986, by bill or by petition.

Prior to the act of March 3, 1891, establishing circuit courts of appeals, the circuit courts were invested with appellate and revisory jurisdiction over the proceedings of the district courts, in bankruptcy cases, by sections 4980 and 4986 of the Revised Statutes. Each of these sections, however, conferred a distinct jurisdiction; one being appellate, purely, and the other being supervisory. The jurisdiction conferred by section 4980 was appellate. It was to be invoked by an appeal or writ of error, and, except to enable a creditor or the assignee of a bankrupt to review the rejection or the allowance of a claim in the bankruptcy proceeding, it did not extend to a review of any proceedings of the district courts sitting as a court in bankruptcy, but was confined to a review of final judgments or decrees in suits between party and party. From the judgments or decrees of the circuit courts rendered in exercise of appellate jurisdiction over final judgments or decrees of the district court, there was an appeal to the supreme court, when the matter in dispute exceeded $2,000. The jurisdiction conferred by section 4986 was of a supervisory and summary character. It invested the circuit courts with a general superintendence of all cases and questions arising in the district courts, when sitting as a court of bankruptcy. The superintendence might be invoked by a petition or bill, and could be exercised either in term time or vacation. The circuit court was to hear the case, not as an appellate tribunal, but "as in a court of equity." The decisions of the circuit courts made in the exercise of these supervisory powers were not reviewable by the supreme court, but were final. The character of the jurisdiction created by the two sections, and the mode of its exercise, were considered by the supreme court in Morgan v. Thornhill, 11 Wall. 65, and Coit v. Robinson, 19 Wall. 274, as well as in other judgments of that court and of the circuit courts. The distinction between the appellate character of the jurisdiction conferred by section 4980 and the supervisory authority conferred by section 4986 was always recognized. The repeal of the bankrupt act left the provisions of these sections in force as to all pending suits and proceedings in bankruptcy. It is entirely clear that any application made to the circuit court to re-examine and review the action of the district court in refusing to remove an assignee in bankruptcy could only be entertained by virtue of the supervisory jurisdiction conferred by section 4986, and in the exercise of the general superintendence therein provided for. It is also entirely clear that resort could not be had to that jurisdiction to review an interlocutory order made by the district court in a suit between party and party, and that such an order, in a case in bankruptcy, could only be reviewed by the circuit court in the exercise of its appellate jurisdiction, under section 4980, while reviewing a final judgment or decree. Clark v. Iselin, 9 Blatchf. 196, Fed. Cas. No. 2,824. The act of March 3, 1891, does not impair the supervisory jurisdiction of the

circuit courts, under section 4986, over the proceedings of the district courts in bankruptcy. The only language in that act which can possibly be read as intending to do so is found in section 4, which abrogates the appellate jurisdiction of the circuit courts, and transfers to the supreme court and circuit courts of appeals the jurisdiction theretofore exercised by appeal or writ of error by the circuit courts. That language does not necessarily or appropriately divest the circuit courts of a jurisdiction which is supervisory, instead of appellate, and which had not been exercised by an appeal or writ of error, and could have been upon a bill or a petition. The jurisdiction with which that section is concerned is distributed by sections 5 and 6; and in neither of those sections is there any warrant for the inference that congress intended that the appellate power should extend to a review of the interlocutory proceedings in a cause, or be burdened by the duties of such a general superintendence over matters of administrative detail as were reposed in the circuit courts, in bankruptcy cases, by section 4986. By section 6, the appellate jurisdiction deposited with the circuit courts of appeals is to review "final decisions" in the district courts and circuit courts by appeal or writ of error.

For these reasons, we conclude that the action of the district court in refusing to remove the assignee, which is complained of by the petitioner, can be reviewed by the circuit court; that there can be no review of the decision of the district court in refusing to dismiss the bills in equity for want of prosecution, except upon an appeal to this court from the final decrees in each of those suits; and that the motion by the assignee to dismiss the petition of appeal should be granted.