In re SWEETSER.

(District Court, D. Massachusetts. July 18, 1904.)

No. 7,811.

1. BANKRUPTCY—ASSIGNMENT OF CLAIMS—ACT OF 1867.

      General order No. 34 of the general orders in bankruptcy (89 Fed. xiii, 32 C. C. A. xxxiii) adopted under the act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) which provided that the register should subrogate the assignee of a claim "upon the filing of satisfactory proof of the assignment," does not require any particular form of assignment, and the indorsement and delivery of notes which had been proved and allowed against an estate by the creditor to the assignee of the estate, with the intention that it should transfer the debt in payment of a personal obligation to the assignee, will be given effect as an assignment, as against a written assignment by the creditor several years afterward, made through a mistake, and in the belief that the claim had never been transferred; it being shown that the first transfer was given and received in good faith.

In Bankruptcy. On review of order of register.

Maynard E. S. Clemons, for Linscott.

Fred Joy, for Dowse.

LOWELL, District Judge. In 1878 the claim of Dolliver on certain notes was allowed against the bankrupt estate. About 1883 Dolliver handed over to Dowse, one of the assignees of the estate, the notes, indorsed in blank, in payment of a debt owed by Dolliver to Dowse. There was no other writing. The intention on both sides was to transfer the claim in bankruptcy. In 1901 Dolliver made a formal written transfer of the claim to Martha Whittredge; saying at the time that he was sure it had not been assigned before, but that, if he was mistaken, Mrs. Whittredge should have her money back. The facts are stated fully in the register's clear report. Linscott, the assignee of Mrs. Whittredge, has filed a petition to be subrogated to Dolliver's proof. Joy, assignee of Dowse, objects thereto.

    The first question concerns the validity of an oral assignment of a claim in bankruptcy proved and allowed. Counsel for Linscott argued that such an assignment was invalidated by order 34 of the general orders in bankruptcy (see Bump on Bankruptcy [10th Ed.] 892), in this respect substantially like general order 21 under the act of 1898 (89 C. C. A. ix, 32 C. C. A. xxii). But a provision that the register shall subrogate the assignee "upon the filing of satisfactory proof of the assignment" does not indicate that any particular form of proof is required—rather, the reverse. Again, a provision that "the execution of any letter of attorney to represent a creditor of an assignment of claim after proof may be proved or acknowledged before" any one of several federal officers does not make totally invalid an assignment acknowledged in some other way. Can it be supposed that a statute which provided that "a bill of sale of personal property may be acknowledged before a justice of the peace" would of itself totally invalidate all other methods of transferring personal property? See In re Miner (D. C.) 114 Fed. 998; Id., 117 Fed. 953. It is to be

observed that here the notes themselves were handed over, and that no notice to the debtor of the transfer of a chose in action was needed, as Dowse, the assignee of the claim, as assignee in bankruptcy himself represented the debtor.

It was further objected that Dowse, as assignee in bankruptcy, was forbidden to purchase the claim. Pooley v. Quilter, 2 De Gex & J. 327; Ex parte Lacey, 6 Ves. 325. See Lowell on Bankruptcy, § 383. But where, as here, it appears that the transfer to the assignee was in good faith, and was not procured by his misrepresentation or fraud, and that it was challenged only as the result of a mistake, and because its existence had been forgotten, there is no sufficient reason to deny it effect. See Robson on Bankruptcy (6th Ed.) 634.

In view of the additional evidence taken before the register, his original order subrogating Linscott to Dolliver is reversed, but without costs.