WILLIAM W. WHITTREDGE, trustee, *vs.* ELBRIDGE L.
SWEETSER & others, trustees.

Suffolk. January 25, 26, 1905. — September 8, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Bankruptcy.*

A vested remainder or a vested interest in a contingent remainder in a trust fund
created by will, belonging to a bankrupt under a petition filed in 1878, passes
immediately to his assignees in bankruptcy without notice from them to the
trustee holding the fund, and therefore in such a case the fact, that the assignees
for two years or more brought no suit either at law or in equity to establish
their right to the interest of the bankrupt already vested in them, does not bar
the claim of the assignees under U. S. Rev. Sts. § 5057, and where the assignees
as soon as they learn of the existence of the fund, and of the fact that certain
creditors of the bankrupt are seeking to reach and apply the interest of the
bankrupt therein to the satisfaction of his debts to them, bring a bill in equity,
in the nature of a bill *quia timet*, to compel the trustee to transfer the interest of
the bankrupt to them and to enjoin the trustee from paying any part of the
fund to the bankrupt or to persons claiming under him, there is no ground for
contending that it was the intention of the assignees to abandon this property of
the bankrupt.

LORING, J. This is a bill for instructions brought by the
plaintiff as the present trustee of certain property held in trust
under item 8 of the will of Solon O. Richardson. The case was
reserved for the consideration of this court on an agreed state-
ment of facts. From this statement it appears that Solon died in
1873, and by his last will and testament, which was duly allowed,
bequeathed $35,000 on the following trusts: The income to be
paid to his three sisters for life, namely, Mary A. Sweetser,
Martha Hutchinson, and Louisa Richardson; and "at the de-
cease of my said sisters, or either of them, my will is that the
share belonging to the deceased sister shall revert to her children,
to be shared by them each and each alike; if either of my said
sisters shall die childless, the income belonging to her I direct
shall revert to the said sisters surviving, to be shared equally
between them. At the decease of all my three said sisters, I
direct that the fund from which they have derived an income
from my property be divided equally between the children of
my said sisters, and I direct my executors to pay to them each

their respective part, the same to be the property of the children of my said sisters forever." The three life tenants survived the testator. Louisa never had any child; Martha Hutchinson had one child, now the wife of the plaintiff; and Mary A. Sweetser had one child, a son, Elbridge L. Sweetser. Both of these children, Mrs. Whittredge and Elbridge L. Sweetser, were born in the lifetime of the testator.

Mary A. Sweetser survived her sisters, and died December 15, 1900, leaving her son and her niece her surviving. On February 1, 1901, this bill was brought to find out who was entitled now to receive Elbridge L. Sweetser's half of the fund. This half is claimed by assignees in bankruptcy of Elbridge under a petition filed in 1878. It is also claimed by John C. Hammond, who now owns a judgment rendered in February, 1896, in favor of a creditor of Elbridge, founded on five notes dated in 1881. Hammond is also the present holder under one of two creditors to whom an assignment was made in October, 1885, to secure two debts incurred after this bankruptcy.

No other claimants have appeared before us.

The defendant Hammond admits that when the testator died Elbridge had either a vested remainder in one half of the trust fund of $35,000 subject to the life estates created by this item of the will, and subject to the class being opened on the birth of a further child or children of the life tenants, or a vested interest in a contingent remainder, and that "in either case" his interest was "assignable."

His contention however is that the assignees are barred by U. S. Rev. Sts. § 5057.*

The title of the assignees in bankruptcy became complete on the assignment to them of this interest in remainder. In this Commonwealth notice to the trustees is not necessary to complete the title of an assignee of an interest in the property held

---

* Sec. 5057. No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee. And this provision shall not in any case revive a right of action barred at the time when an assignee is appointed.

in trust by them. *Thayer* v. *Daniels*, 113 Mass. 129, and cases there cited. See also *Putnam* v. *Story*, 132 Mass. 205; *Butterfield* v. *Reed*, 160 Mass. 361. By virtue of the assignment in bankruptcy, the complete ownership in this incorporeal interest in this personal property became vested in the assignees, and the ownership drew after it possession, so far as the interest here in question (an incorporeal interest because an interest in remainder) is capable of possession. This result is not affected by the fact that the assignees were for a time ignorant of the existence of this property of the bankrupt. This ownership and possession in the assignees has continued ever since, and all persons are barred by U. S. Rev. Sts. § 5057, from controverting it. The contention that one in possession of property is barred from exercising the rights which that ownership confers on the owner by not having brought an action is groundless. Under these circumstances we have not found it necessary to choose between the opinion in *Dushane* v. *Beall*, 161 U. S. 513, and the decision in *Rock* v. *Dennett*, 155 Mass. 500.

The only other contention made by the defendant Hammond is equally groundless, to wit, that the assignees abandoned this property. The contention is put on the ground that they did not sell their interest in remainder in this fund. Were that all that appeared the argument would be without merit. But that is not all. In 1882 the assignees filed a bill in which they "prayed, among other things, that the said Elbridge L. Sweetser might be directed to execute and deliver such instruments as would convey to said assignees all his interest as legatee under the said will, and that the said trustee, Solon O. Richardson, might be enjoined from paying to the said Elbridge L. Sweetser, or any person or persons claiming under him, any part of the said trust fund, or the income thereof, which might accrue and become payable to the said Elbridge L. Sweetser." This bill apparently was brought by the assignees as soon as they learned of the existence of the fund and of the fact that creditors of Elbridge were seeking to reach and apply this interest of Elbridge in satisfaction of the debt due from him to them. The bringing of this bill (which seems to have been a bill in the nature of a bill *quia timet*) disposes of the contention that it was in fact the intention of the assignees to abandon this property.

Under the circumstances. the defendant Hammond should pay to the defendants Dowse and Kyle their taxable costs.

*Decree accordingly.*

*M. E. S. Clemons,* for the plaintiff.

*H. R. Bailey,* (*G. W. Mathews* with him,) for the defendant John C. Hammond.

*W. B. H. Dowse, W. O. Kyle & F. Joy,* for the trustees in bankruptcy of Elbridge L. Sweetser.