### In re SWEETSER.

(Circuit Court, D. Massachusetts. November 22, 1907.)

#### No. 377.

1. BANKRUPTCY—APPELLATE JURISDICTION—ACT OF 1867.

A circuit court has jurisdiction of a petition to revise the action of a district court under Bankr. Act 1867, c. 176, 14 Stat. 517, by virtue of the supervisory power given it by Rev. St. § 4986, the Circuit Courts of Appeals being vested with jurisdiction only as to such matters as may be brought up by a technical appeal or writ of error.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—ASSIGNEES—PURCHASE OF CLAIMS.

An assignee or trustee in bankruptcy cannot be permitted to make a profit out of his trust, and where he has purchased a claim against the estate for less than its face value dividends will be allowed thereon only to the extent of the amount paid therefor with interest, even though he has transferred the claim to another.

In Equity. On petition of John C. Hammond to revise certain rulings, findings, and decrees of the District Court.

See 131 Fed. 567; 130 Fed. 103.

Hollis R. Bailey, for petitioner John C. Hammond.
Warren Ozro Kyle, for W. B. H. Dowse and Fred Joy.

PUTNAM, Circuit Judge. We regard this proceeding as revisory under the statute of bankruptcy of 1867. Chapter 176, 14 Stat. 517. Following our proneness to accept decisions of the Circuit Courts of Appeals of the other circuits, on the question of jurisdiction in this court, we feel bound by the decision of the Circuit Court of Appeals for the Second Circuit in Hutchins v. Briggs, 61 Fed. 498, 9 C. C. A. 585, to the effect that we have jurisdiction. We cannot find that this case has ever been disapproved. Our own reflections bring us to the same result. The Circuit Courts of Appeals are given jurisdiction only when the matter may come up on appeal or writ of error. Those words are used technically; and, therefore, as they have no jurisdiction of supervisory proceedings under the act of 1867, the Circuit Courts must have.

In regard to the rule formulated by this court under the act of 1867 as to the time of filing supervisory petitions, the order entered on June 27, 1894, repealing our then existing rules, extended only so far as their subject-matter was covered by the rules that day entered. A then-existing rule limited the time of the filing in this court of revisory petitions to 10 days, and the new rules then entered did not touch this topic. Consequently, the old rule in reference thereto still remains in force. Moreover, by analogy to the limitation in the act of 1867

with reference to writs of error and appeals, the 10-days limitation in regard to them applies to petitions for revision, as has been decided concerning a similar topic under the Bankruptcy Act of July, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]. In view of the 10-days limitation this court has jurisdiction to revise the proceedings in the District Court of July 30, 1907. All the other proceedings of the District Court brought to our attention were more than 10 days before this supervisory petition was filed, so we have no jurisdiction with reference to them.

We may add, however, that we would not, under the circumstances, undertake to revise the District Court in refusing to remove existing assignees or to appoint trustees. That court has ample power to require the assignees to give additional bond if any is required, on account of the amount of the estate as it now exists. If application is made to it to require the assignees to give a new bond, and it refuses to do so, then application may be made to this court with regard to that topic. Aside from that, any question of removing assignees or appointing trustees is so peculiarly an administrative one, and involves so thorough a knowledge of the condition of the estate being administered, that an appellate tribunal ought not to interfere in regard thereto unless a sharp question of law is raised, or the demand for revision is very peremptory. The circumstances of the present case show no ground for doubting the present assignees; and, on the other hand, they seem to indicate that, if the substantial topic presented to us was disposed of, the estate might be very quickly wound up, while change of administration would involve unnecessary delay, and probably very considerable additional expenditure and needless accumulation of allowances. We feel justified in making these observations, although strictly we have no jurisdiction in reference thereto, in order that it may not be imagined that we are seeking to cover the case by any technical excuse.

The only substantial question before us arises as follows: Certain persons named here as the Dollivers proved a claim against the estate, and afterwards transferred it to the assignees or one of them for a sum supposed to be less than par. After holding it for some time, the assignee or assignees, as the case may be, assigned the claim to Joy and Linscott, who were permitted by the referee or register to be substituted for the Dollivers. The question came before the District Court for revision, and the conclusions of the District Court may well be considered as leaving Joy and Linscott entitled to receive dividends on the whole claim, which, as the estate now stands, would thus be paid in full. We are not clear from the record whether or not the point which we now state was brought to the attention of that court, or was intended to be disposed of by it; but the law is settled beyond doubt that no person occupying a position of a trustee or quasi trustee can make a profit out of his trust or quasi trust. Such a conclusion, if it needed any support from the authorities, is the necessary result of the decision of the Circuit Court of Appeals for this circuit in Leighton v. Kennedy, 129 Fed. 737, 739, 740, 64 C. C. A. 265, in an opinion passed down on April 14, 1904. The underlying principle of equity in this regard is a masterful one, as fully explained and ap-

plied by this court in Bay State Gas Co. v. Rogers, 147 Fed. 557, decided on July 18, 1906. Therefore it is the opinion of the court that there should be an order limiting all dividends on the claim referred to to such an amount as will cover what was in fact actually paid by the assignee or assignees for it, with interest from the date of the payment at 6 per cent. In other words, there should be an order which would enable the present holders of the claim to receive exactly such an amount as would make the assignee or assignees good if they still held the claim, and nothing more.

The petition comes before us on demurrer. We can dismiss all the matters covered by the petition except the question of what amount of dividend should be paid on the claim formerly owned by the Dollivers. As to that we can express our views of the order which will be entered if, on the case being perfected, it presents the same aspects which it now presents; and this we have done. We have referred to the opinion of July 30, 1907, which covers the topic, but there is no allegation in the petition that any order was entered in accordance therewith. Therefore, as the case now stands, there will be a final decree sustaining the demurrers as to all matters covered by the pending petition, unless the petitioner amends his petition on or before the second day of December next, alleging an order in conformity with the opinion filed by the District Court on July 30, 1907, and, in connection with the amendment, pays costs of this petition to the date of the amendment. If such amendment is made, the petition will go to a hearing on answer to be filed by the respondents with reference to the question as to the amount of dividends to be paid on the claim proved by the Dollivers, and on such proofs as may be offered by the parties pro and con within such time or times as will be fixed by the court on application of the parties. There will be a final decree in any event dismissing the petition as to all other matters.

Demurrer sustained, with leave to petitioner to amend on payment of costs, and for further proceedings, all in accordance with the opinion passed down this day.