In re SWEETSER.

(Circuit Court, D. Massachusetts. March 16, 1909.)

No. 377.

BANKRUPTCY (§ 444*)—REVISORY POWER OF CIRCUIT COURT UNDER ACT 1867—PROCEDURE.

Under the rule of the Circuit Court for the District of Massachusetts, adopted September 15, 1870, relating to the exercise of its revisory power over the District Court under the then existing bankruptcy law, which requires notice of a petition to revise to be filed in the District Court within 10 days from the entry of the order sought to be reviewed, and the filing of the petition within 5 days thereafter, but which provides for de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lay by leave of court, a petition will not be dismissed because, through mistake, the notice was filed in the Circuit Court, nor because no formal order or decree was entered by the District Court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 922, 924, 927; Dec. Dig. § 444.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

In Equity. On petition of John C. Hammond to revise certain rulings, findings, and decrees of the District Court.

Hollis R. Bailey, for petitioner.
Warren O. Kyle, for Dowse, Joy & Kyle.
M. E. S. Clemons, for Linscott.

PUTNAM, Circuit Judge. This is the same matter which came before us on demurrer in accordance with our opinion passed down November 22, 1907. 157 Fed. 567. That opinion sustained the petition, so far as its substantial merits were concerned, but required some amendments in detail, which amendments have been made, so that now the case comes before us on final hearing.

We, however, discover nothing which substantially affects the result in favor of the petitioner as before indicated.

Our previous opinion has reference to a point made by the respondent with regard to the rule entered in this court on September 15, 1870, in regard to exercises of the revisory power of the Circuit Court under the statutes in bankruptcy then existing. By error we then assumed that the notice of intention to proceed by a revisory petition was to be filed in the Circuit Court within 10 days from the entry of the order in the District Court. The rule requires this notice to be filed in the District Court, and also requires that within 5 days thereafter the petition to the Circuit Court should be filed with its clerk. But the rule, however, provides for delay by leave of the court on good cause shown. It appears that the required notice was filed in the Circuit Court by mistake, and not in the District Court; but everything was filed in the Circuit Court within the 10-day period. Under the circumstances any court would excuse the delay as the rule permits; and, moreover, a search of the record here would show enough which would enable us to hold that any jurisdictional question of this class had been waived, within the broad rules of waiver in removal cases, and in Ingersoll v. Coram, 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. ——.

We are asked to review the rulings of Judge Lowell in Re Sweetser (D. C.) 131 Fed. 567, concerning the alleged priority of Mr. Dolliver; but for the reasons stated by him we agree with his conclusion.

At the time the demurrer was heard, the petition failed to contain any proper allegation that an order or decree had been entered in the District Court. This deficiency has been supplied; but it is still maintained that the record of the District Court produced to support that allegation is defective. It is true that there is here no formal

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order or decree, but proceedings on these revisory petitions have never been strict in this respect.

Let there be judgment for the petitioner, for an amount to be agreed on, or to be ascertained by a master, and with costs.