### In re KYLE et al.

### In re SWEETSER.

(Circuit Court, D. Massachusetts. September 8, 1910.)

#### No. 690.

1. BANKRUPTCY (§ 439*)—APPELLATE JURISDICTION—ACT OF 1867.

Under Rev. St. § 4986, which is a part of Bankruptcy Act March 2, 1867, c. 176, § 2, 14 Stat. 518, giving the Circuit Court "general superintendence and jurisdiction of all cases and questions arising in the District Court * * * when sitting as a court of bankruptcy," such supervisory jurisdiction may be exercised by the Circuit Court before the District Court has taken final or even interlocutory action thereon, if the matter has been considered and an opinion rendered in the District Court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 439.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. BANKRUPTCY (§ 273*)—ACT OF 1867—DUTY OF ASSIGNEES TO DEPOSIT FUNDS.

Under Bankruptcy Act March 2, 1867, c. 176, § 17, 14 Stat. 524 (Rev. St. § 5059), which requires an assignee to deposit any money of the estate coming into his possession in an authorized depository in his name as assignee, or otherwise keep it distinct and apart from other money, an assignee who as such has receipted for money has no right to retain the same and apply it in payment for his legal services rendered the estate or in repayment of disbursements made, but it must be deposited as money of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 273.*]

In the matter of Elbridge L. Sweetser, bankrupt. On petition for revision by Warren O. Kyle and W. B. H. Dowse. Order directed in accordance with opinion of District Court.

See, also, 168 Fed. 1018.

Warren Ozro Kyle, pro se.
Fred Joy, for petitioner W. B. H. Dowse.
Hollis R. Bailey, for John C. Hammond and others.

LOWELL, Circuit Judge. This is a case arising under the bankrupt act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517). Certain creditors of the estate of the bankrupt Sweetser filed a petition in the District Court representing that Kyle and Dowse, assignees of the estate, had received from the estate certain sums of money, part of which they had not deposited in a duly designated bank; but a part of the money so received had been taken by Kyle to his own use. The creditors prayed:

---

"That said assignees may be required forthwith to return said money wrongfully taken by them as aforesaid, and for such other relief in the premises as may seem to the court reasonable and proper."

To this the assignees filed an answer stating in general that the sums taken or retained by Kyle were retained in payment of services and disbursements made by him in the conduct of the litigation which produced the money for the estate; and further that all moneys received by them as assignees are now upon deposit in a statutory repository.

The petition and answer appear to have been sent to the register in accordance with the usual procedure. In his report he says, "The facts, briefly stated, are as follows." These facts, with the register's opinion on the questions presented by the petitioners, are contained in his report, and so far as that report contains statements of fact these may be taken to be the register's findings. At the close of his report, after an expression of opinion upon the questions involved, he made the following "Rulings and Findings: Rulings":

"(1) It is the duty of an assignee receiving moneys belonging to the estate to deposit the same in some authorized depository. I find that Mr. Kyle, assignee in the Sweetser case, violated that duty by using his own unauthorized bank account for that purpose.

"(2) It is the duty of an assignee claiming compensation for services rendered to obtain, before taking the same, an order of court fixing the amount of the same and authorizing payment. I find that Mr. Kyle, the assignee, violated this duty by paying himself the sum of $4,252.76 for services, without first obtaining the approval of court.

"(3) Mr. Kyle, assignee, violated his duty in both the above acts, by doing the same without obtaining authority from his co-assignee.

"(4) An assignee, having taken money unlawfully, should be ordered to repay the same forthwith."

No further findings appear. At the respondents' request, the learned register certified and reported to the district judge "all questions raised by the foregoing report."

The learned judge of the District Court filed an opinion setting out the facts as follows:

"As the result of long-pending litigation finally determined by the decision of the United States Supreme Court in Hammond v. Whittredge, 204 U. S. 538 [27 Sup. Ct. 396, 51 L. Ed. 606], affirming the judgment or decree of the Supreme Judicial Court of Massachusetts in Whittredge v. Sweetser, 189 Mass. 45 [75 N. E. 222], the respondent Kyle received toward the satisfaction of said judgment $2,661.25 in October, 1907, and $17,446.32 in January, 1908, in all $20,107.57.

"These payments were made by the trustee under the will of Solon O. Richardson, against whom the judgment had been entered, in partial payment of the amount due from him. He delivered checks aggregating the above amounts to the respondent Kyle, who gave receipts for them on behalf of his co-assignee Dowse and himself, signing the receipt as follows:

"'William B. H. Dowse,

"'Warren Ozro Kyle,

"'Assignees in Bankruptcy of E. L. Sweetser,

"'By Warren O. Kyle.'

"Proceedings in this case are governed by the bankruptcy act of 1867 and by the general orders of the Supreme Court in pursuance thereof. Section 17 of that act requires an assignee as soon as may be after receiving any money belonging to an estate to deposit it in some bank in his name as assignee, or otherwise keep it distinct and apart from all other money in his possession. Rev. St. § 5059. No. 28 of the general orders referred to pro-

vides for the designation by the District Court of national banks as depositories in which all moneys received by assignees shall be deposited, and that every assignee shall deposit all sums received by him on account of any bankrupt estate in one designated depository. It also provides that no money so deposited shall be drawn from such depository except upon a check or warrant signed by the clerk of the court, or by an assignee, and countersigned by the judge or register. These requirements have not been complied with in respect of all the money received by Kyle as above. $15,000 only has been so deposited. The remaining $5,127.57 has never been so deposited. Kyle has paid $500 of it to the register on account of fees due him and has used $374.81 of it in paying sundry current expenses in connection with the litigation. To the disposition made of this $874.81 the petitioners do not object. The remaining $4,252.76 Kyle has deposited to his own personal account in a bank not designated as a depository. To the disposition made by him of this $4,252.76 the petitioners do object, and they ask that he be ordered to deposit it in the same account with the $15,000.

"In their joint answer to the petition, the assignees deny that the above amount of $5,127.57 was received by them 'as assignees,' and allege that this amount was received by Kyle as their attorney, 'who had rendered professional services and made advances for the estate for very many years.' It was retained by Kyle, according to the allegations of the answer, 'in payments of services and disbursements made by him in the conduct of prolonged litigation conducted by him for the benefit of the estate, said litigation covering proceedings in the probate and Supreme Courts of this commonwealth and in District, Circuit, and Supreme Courts of the United States, prosecuted in the effort to secure the estate of the bankrupt and for the benefit of the creditors.' The answer goes on to deny that any unnecessary expense has been incurred and to allege that all moneys received by them 'as assignees' have been duly deposited. It alleges no other reason against making of the order prayed for.

"The petition and answer, having been filed in court, were referred to the register for his action thereon. After a hearing, he has found the facts and has certified and reported, at the respondents' request, all questions thereby raised. In his finding of facts are included further details in connection with the facts above recited; but these, for the most part, do not seem essentially important upon the questions to be decided. The evidence before him accompanies the report.

"Mr. Kyle offered before the register to prove that, as counsel for the assignees, he had rendered services and incurred expenses at various times, since the early part of 1901, in various proceedings relating to the estate before state or federal courts, and that a fair remuneration and reimbursement to him therefor would exceed the $4,252.76 here in question."

The learned judge then went on to render his opinion on the questions presented, and agreed with the register, except that he held that the order for the return of the money, which order was mentioned in the register's opinion but was never made, should apply to Mr. Dowse as well as to Mr. Kyle.

Messrs. Dowse and Kyle thereupon filed a petition for revision in this court against the creditors above mentioned, in which petition they assert that the district judge made rulings in his opinion on questions certified by the register, and that they are aggrieved by the following rulings of the District Court:

" 'It follows that it is wholly immaterial to the questions before the register whether Mr. Kyle has or has not made disbursements and rendered services as counsel in connection with the litigation referred, or to what amount, if to any amount. The $4,252.76, having been received by him in the manner stated, as is not denied, became at once money belonging to the estate which, under Rev. St. § 5059, he was bound to deposit in the same designated de-

pository as that in which the $15,000 has been deposited. The petitioners are entitled to have the order made, for which they ask.

" 'Mr. Kyle's disposition of the money may have been without Mr. Dowse's authority, approval, or knowledge at the time; but the answer to the petition, which undertakes to justify what Mr. Kyle did upon the grounds stated above, is in the name of and is signed by both assignees. Under these circumstances, I do not see why any order to be made should not be made against both of them.'

"Wherefore your petitioners pray that said rulings may be revised and set aside and held for naught, and that by order of this court it be decreed that your petitioners have a right to show what services had been rendered by respondent Kyle as solicitor and counsel in proceedings in equity to create, secure, and protect the fund paid over to him, as stated in 'Exhibit D,' and that the evidence offered on this point was relevant and material; that your petitioners be permitted to establish the amount and value of the services rendered by your petitioner Warren Ozro Kyle as solicitor and counsel in creating, preserving, and recovering the fund paid into his hands as the result of long and arduous litigation; that it be decreed that the amount so ascertained was and is rightfully retained out of said fund and is the property of your petitioner Warren Ozro Kyle; that it be decreed that no order should be made against your petitioner William B. H. Dowse in any event to deposit in any bank to the credit of the bankrupt estate or pay into court the whole or any part of said amount deducted by your petitioner Warren Ozro Kyle on account of his services and expenses as solicitor and counsel in relation to said fund as aforesaid; and that your petitioners be given such other relief as shall be proper."

To this petition the respondent creditors demurred.

From the matters above stated, it appears that this court is asked to revise the proceedings in the District Court in the absence of any order made therein, and especially to revise certain alleged rulings of the District Court which are rather expressions occurring in the course of the opinion of the learned district judge. This is in effect an appellate proceeding, with nothing but expressions of opinion to appeal from. Under these circumstances, appellate proceedings are ordinarily out of the question and should be immediately dismissed. Rev. St. § 4986, provides, however, that this court "shall have a general superintendence and jurisdiction of all cases and questions arising in the District Court, * * * when sitting as a court of bankruptcy," and counsel on both sides are agreed that the section authorizes this court to pronounce upon "cases and questions," before the District Court has taken final or even interlocutory action thereon. That the law should be thus construed embarrasses this court, sitting as a court of appeal; but its exercise of jurisdiction under the bankruptcy act of 1867 has become almost obsolete, and further comment is superfluous. See In re Sweetser (C. C.) 168 Fed. 1018; also, 157 Fed. 567.

I hold that the learned judge of the District Court was right in ruling that Mr. Kyle must be deemed to have taken the money received by him as assignee in bankruptcy. Mr. Kyle contends that in obtaining the money he was in effect acting merely as the assignees' counsel and not as assignee; and that as counsel he had the right to retain the money in question in payment of his legal services. But if Mr. Kyle had the right and the desire to retain this money in his office as attorney, without regard to his office as assignee, he should, at least, have made his receipt the unequivocal expression of his intention. The receipt must be given its natural meaning, which imports a receipt by the

assignees rather than by their counsel, and the statute requires explicitly that every assignee shall deposit all sums received on account of any bankrupt estate in a designated depository. In the receipt which he gave Mr. Kyle declared that this money was so received, and therefore, at the least, he should have passed it through the statutory depository. This has not been done, and it must be done.

The learned register and the learned district judge appear also to have been of the opinion that any payment by the assignees to Mr. Kyle would be unlawful without an order of the court of bankruptcy previously obtained. I do not find it necessary to determine as a matter of law that assignees in bankruptcy, having properly deposited the money they have received, must in all cases be compelled to refund a payment made to one of their number for legal services unless an order of court for the payment has theretofore been actually made. If such a payment were accompanied by an account praying allowance of the payment, the court of bankruptcy might perhaps have a discretion not to require a formal refunding to the estate, if it was satisfied that the payment was otherwise proper. Considering the illegal act already committed in this case, I see no reason to overrule an expression of opinion by the District Court applicable only to circumstances which may never arise.

Mr. Dowse received no part of the money, but in these legal proceedings he has definitely joined Mr. Kyle. Although the name of his counsel appears upon the briefs filed, no argument has been urged to distinguish his case from that of Mr. Kyle.

The creditors herein urge that interest should be allowed upon the money which the court of bankruptcy will direct Mr. Kyle to deposit as moneys of the bankrupt estate. The learned judge has found "no reason in what appears to charge Mr. Kyle with any bad faith in what he has done," and on the question of interest neither the learned register nor the learned judge has even expressed an opinion. Perhaps they will order the payment of interest, and perhaps they will not. Even if it be true that under Rev. St. § 4986, appellate proceedings may be based upon an expression of opinion and upon so-called rulings which have not resulted in binding any one, yet I cannot think that this appellate jurisdiction extends to correct that which has never yet entered into the consideration of the District Court. At some time and in some manner Mr. Kyle may be entitled to compensation for his legal services rendered to the estate. In fixing this compensation, the District Court will doubtless take into consideration Mr. Kyle's unlawful act as assignee. It is the respondents in this proceeding who urge this correction of the supposed future action of the District Court, and the respondents are not petitioners for the exercise of this court's superintendent jurisdiction. In accordance with its opinion on file, the District Court should order the assignees to pay into the statutory depository the sums retained by Mr. Kyle. The respondents' demurrer is sustained, and the petition is dismissed, with costs.