Bolster, C. J.
The plaintiff is a trustee succeeding one Doughty, who, by forging the countersigning name of the referee in bankruptcy to checks against, funds in the custody of the defendant presumably obtained and converted or misapplied the proceeds: There is only one question in the case. The judge says in his report that he would have found for the plaintiff, who now sues for those funds, except for Gen. Laws, Ch. 107, sec. 40, which in substance provides that no bank shall he liable to a depositor for *385 moneys paid on a forged, unauthorized or altered negotiable instrument, unless within a year after its return to the depositor he shall notify the bank of the forgery, &c. Except for that statute, liability is clear on the findings. Grow v. Prudential Trust Co., 249 Mass. 325. The plaintiff counters with section 29, title 11, U. S. C. A. which provides that “suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after an estate has been closed”. What is thus stated as a prohibition has been construed as a permission making suits within the two years seasonable.
It has been assumed in argument that the federal and state statutes are in conflict. That assumption calls for some exploration. The earlier bankruptcy laws (U. S. Rev. Sts. § 5057) provided that “No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee (italics ours) unless brought within two years from the time when the cause of action accrued for or against such assignee ’ ’.
Rock v. Dennett, 155 Mass. 500 was a real action brought by a grantee of an assignee in bankruptcy. The tenant pleaded the two-year limitation in bar. That period had passed before the assignee’s grant to the demandant. The bankruptcy was in 1876, the disseisin of the assignee in 1880 and the assignee’s deed in 1889. The case came up on a directed verdict for the tenant, and it was upheld, the court saying that as the assignee was barred, his grantee was barred. The demandant relied on the state statutory-period in real actions, which had not run. But the court said that the federal law controlled. The significant thing about the case is that the wrong was against the assignee’s own title, not against the bankrupt, and it appears to fall easily within the terms of the law which are italicized above.
*386 In Dushane v. Beall, 161 U. S. 513, it was held that the federal two-year limitation applied only to property rights against which claims adverse to the bankrupt existed prior to the assignment, citing, among other cases, French v. Merrill, 132 Mass. 525. The conflict was noted, but not resolved in Whittredge v. Sweetser, 189 Mass. 45, 47, (1905).
When the present bankruptcy law was enacted the limitation clause was made general. An entirely different fact starts the running of the statute, cf. Bilafsky v. Abrahams, 183 Mass. 401; Kinder v. Scharff, 231 U. S. 517, and there is no limit to its sweep- in point of subject matter. It is by section 47 of the act made the duty of the trustee to conserve assets, which includes the power to protect them by suit .when .necessary, -not only against claims adverse to thé bankrupt, but also those which arise during the course of administration. We are' constrained to conclude that the federal act is opposed to the literal terms of the state act and that its terms. cannot be limited by recourse to earlier decisions. But the federal act, passed by Congress under the constitutional power to pass a uniform bank- ■ ruptcy law, is the supreme law of the land, and no state can pass any law which defeats or curtails-it. If the state law had said.that suits by trustees in bankruptcy against banks should be brought in one year, it clearly. could not be upheld. It makes no difference that instead of a plain shortening of time, it takes the form of a nibbling away at the corners. There is still a limitation' of right to sue, although a state of facts, rather than the mere lapse of time, is what creates the bar. It does not leave a uniform system if in the. federal courts a bank can be sued in two years, and in a state court only within one year when certain facts exist. Such matter of limitation, direct of indirect, is simply not a thing within the field of state *387 legislation, in the teeth of the federal law. Isaacs v. Neece, 75 Fed. 2nd, 566. cf. Collier, Bankruptcy, 4th Ed. p. 305 note 155. Arnold v. Chackelford, 140 Ga. 585.
The defendant argues that a trustee suing in the state court must take the state law as he finds it. That is generally, but not universally true, as to systems of practice and procedure,' but this statute goes beyond that, and assumes to create a right of defence at variance with the federal law. It says to a trustee, if it applies to a trustee, that if certain facts exist he must sue within one year, not two. Cases in which no' federal limitation is set, like Thompson v. German Ins. Co., 76 Fed. and Campbell v. Haverhill, 155 U. S. 610 are not in point. It would seem from the opinion in the latter case that, had there been, a federal limitation in force and applicable, the decision would have been the other way.
It does not follow, however, as the plaintiff assumes that the state statute must be declared unconstitutional. It is a well recognized canon of statutory construction that an act which, given a certain application, will offend against a higher laAv, will be interpreted as not intended to have that application. W. & J. Sloane v. Com., 253 Mass. 529. Thurman v. Chic. Milwaukee & St. Paul Ry., 254 Mass. 569. And the. wording of this state act readily lends itself to such, interpretation. The former law as to the banks liability after payment of forged checks left depositories in an unpleasant situation, and they obtained legislative relief, covering the ordinary business situation. It does not follow that every depositor is bound, but only those as to whom there was power to bind, cf. U. S. v. Com'r of Banks, 254 Mass. 173. The defendant’s argument that ■reversal will open the door to a series' of emasculating ■exceptions is not.persuasive,; Other bridges will be crossed when reached. There is an impassable barrier at this one.
*388 We have had doubt as to what the filial order should be. The defendant in its answer had raised the question of negligence of the plaintiff or his predecessor but in response to the plaintiff’s fourth request the judge has in effect made a special finding against that claim. We do not understand that there is any question as to the principal amount involved and the plaintiff’s declaration contains no sufficient allegation of interest due.
Gen. Laws, Ch. 231, §7, clause 10.
Under these circumstances, it seems better to enter a final order which will put the matter in appealable condition.
Gen. Laws, Ch. 231, §§123, 125.
Judgment for the plaintiff for $847.37 and interest from date of writ.