## HAMMOND v. WHITTREDGE.

### ERROR TO THE SUPREME JUDICIAL COURT OF THE STATE OF MASSACHUSETTS.

No. 164. Argued January 17, 1907.—Decided February 25, 1907.

Where the state court expressly decides, adversely to contention of plaintiff in error that a statute of the United States does not preclude others from asserting rights against him, but does preclude him from asserting rights against them, a Federal question exists giving this court jurisdiction to review the judgment under § 709, Rev. Stat.

Where an incorporeal interest of the bankrupt in a contingent remainder passed to the assignee in bankruptcy under a petition filed in 1878, and no notice to the trustees was necessary, the fact that the assignee brought no suit to establish his right to the bankrupt's interest in the fund for more than two years does not bar his claim thereto under § 5057, Rev. Stat.; but under that section all persons who had not brought suits within two years against the assignee to assert their rights to the property are barred. Nor will the assignee be presumed to have abandoned the property simply because he did not sell it; when, as in this case, he brings an action to protect his interest therein.

189 Massachusetts, 45, affirmed.

THE defendant in error Whittredge, who was trustee of certain property held in trust under the will of Solon O. Richardson, who died in 1873, filed this bill for instructions in the Supreme Judicial Court of the State of Massachusetts.

There was bequeathed by said will $35,000, on the following trusts:

"The income to be paid to his three sisters for life, namely,

Mary A. Sweetser, Martha Hutchinson and Louisa Richardson; and 'at the decease of my said sisters, or either of them, my will is that the share belonging to the deceased sister shall revert to her children, to be shared by them each and each alike; if either of my said sisters shall die childless, the income belonging to her I direct shall revert to the said sisters surviving, to be shared equally between them. At the decease of all my three said sisters, I direct that the fund from which they have derived an income from my property be divided equally between the children of my said sisters, and I direct my executors to pay to them each their respective part, the same to be the property of the children of my said sisters forever.' "

The three life tenants survived the testator. Louisa never had any child; Martha Hutchinson had one child; Mary A. Sweetser had one child, a son, Elbridge L. Sweetser. He and the child of Martha were born in the lifetime of the testator. Mary A. Sweetser survived her sisters, leaving her son and niece surviving her.

This bill was brought February 1, 1901, to determine who was entitled to receive Elbridge L. Sweetser's half of the fund, whether his assignees in bankruptcy, appointed in proceedings instituted by him in 1878, by voluntary petition in bankruptcy in the District Court of the United States for the District of Massachusetts, or the plaintiff in error, who claims under an equitable attachment made in 1881, as hereafter stated, and an assignment made in October, 1885, to secure two debts incurred after Sweetser's bankruptcy. There are other defendants besides the plaintiff in error, but their rights are not before us.

The facts are stipulated, and the most pertinent are the following:

On February 23, 1878, Elbridge L. Sweetser filed a voluntary petition in bankruptcy in the District Court of the United States, District of Massachusetts, and was on that day adjudged a bankrupt. On the sixteenth of March, 1878,

William B. H. Dowse and Horace P. Biddle were appointed the assignees of his estate, and there was duly conveyed to them all the estate which the bankrupt owned or was entitled to on February 23, 1878.

During the year 1878 claims amounting to $13,940.47 were proved against the estate. No other claims have since been proved.

The only assets disclosed by Sweetser in his schedules consisted of a stock of goods subject to mortgage. The proceeds of these goods were consumed in paying the mortgage and certain expenses of the assignees, and the balance, of about $280, was paid to the assignees on account of services.

The Florence Machine Company, in 1881, filed a bill in equity against Elbridge L. Sweetser and Solon O. Richardson, then the sole trustee of Solon O. Richardson, deceased, to reach and apply in payment of five notes held by that company against Sweetser, his equitable interest under the will of said deceased. The suit was brought under the provision of General Statutes of Massachusetts, c. 113, sec. 2, and is called equity suit No. 386. Subpœna was issued November 28, 1881, and served on Sweetser and Richardson, trustee, November 29, 1881. Sweetser filed an answer February 1, 1882, in which, among other things, he denied that he had any such interest under the will as could be reached and applied to the payment of the claim of the company, and also denied the validity of the claim, but did not deny making the notes. On the same date Solon O. Richardson, trustee, also filed an answer, setting up the proceedings in bankruptcy and the appointment of assignees, and suggested that any interest that Sweetser had in the fund passed to them. The suit is still pending, no hearing upon the merits having ever been had.

In 1882 the assignees filed a bill in equity against Sweetser and Solon O. Richardson then the sole trustee under the will of said Solon O. Richardson, in the United States District Court, alleging an interest in Sweetser in the fund, that it had

accrued before the bankruptcy, but was not set forth in his schedule of property, and that they had no knowledge of such interest until a few days before filing the bill. The bill prayed, among other things, "that the said Elbridge L. Sweetser might be directed to execute and deliver such instruments as would convey to said assignees all of his interest as-legatee under the said will, and that the said trustee, Solon O. Richardson, might be enjoined from paying to the said Elbridge L. Sweetser, or any person or persons claiming under him, any part of the said trust fund, or the income thereof, which might accrue and become payable to the said Elbridge L. Sweetser."

On November 15, 1882, the Florence Machine Company, by its attorney, Warren O. Kyle, filed a general replication in suit No. 386.

On December 2, 1882, Sweetser and Solon O. Richardson, trustee, filed general demurrers to the bill. No hearing, however, has ever been had in the case, either upon the demurrers or the merits, and the case is still pending.

On October 24, 1885, Sweetser executed and delivered to the Monitor Oil Stove Company a note for $1,809 and a note to Solon O. Richardson, individually, for the sum of $506.05. As a security for said notes Sweetser gave a written mortgage or assignment, under seal, of all his interest under the will of Solon O. Richardson, deceased, to Richardson and the company. Sweetser's wife signed the notes and mortgage as joint maker. Notice of the mortgage assignment was acknowledged by William Morton, the then trustee under the will. On the same day Sweetser and his wife conveyed to one Sidney P. Brown their interest under the will, subject to the mortgage, and Brown conveyed to Hannah Sweetser. Notice of these conveyances was acknowledged by said trustee William Morton.

On October 24, 1885, the Florence Machine Company brought an action at law in the Superior Court of Suffolk County against Sweetser, in which the then assignees in

bankruptcy were summoned as trustees, to recover the sum of $7,620.13, amount due on eight promissory notes which had been proved in his bankruptcy proceedings, and also to recover upon an account based on ledger entries made by the company in 1881. The assignees in bankruptcy were duly served with process, but did not appear, and were defaulted.

On October 26, 1885, in equity suit No. 386, Solon O. Richardson, trustee, filed a further answer, stating that he had resigned as trustee, and that William Morton had been appointed sole trustee and had accepted the trust.

On June 16, 1891, on motion of W. B. H. Dowse, Warren O. Kyle was joined with him as a party plaintiff in the suit of *Dibble et al. v. Sweetser*, in the United States District Court, and Daniel G. Walton, the then trustee under the will, was summoned as a defendant. He accepted service July 30, 1891, and on November 4, 1891, filed a general demurrer to the bill.

On April 19, 1893, the Florence Machine Company was dissolved by an act of the legislature, c. 215 of the Acts of 1893.

On August 13, 1894, the Florence Machine Company filed a motion in equity suit No. 386 that Daniel G. Walton, who had become trustee of the trust under the will of Solon O. Richardson, deceased, and the then assignees in bankruptcy, Dowse and Kyle, might be made parties defendant and summoned to answer the plaintiff's bill. Service was made on Walton August 18, 1894, and accepted by the assignees August 30. In September, 1894, Walton's appearance was entered. On May 15, 1899, Hammond, plaintiff in error, having become assignee of the claim in suit, entered his appearance for the plaintiff, and also entered his appearance *pro se*, and filed a motion setting forth the assignment to him of the claim and asking to be permitted to prosecute the suit in his own name.

May, 1899, the assignees filed an answer, alleging upon information and belief that Sweetser had at the time of the

assignment in bankruptcy a vested interest in the trust fund under the will of Richardson, and that by, the operation of the United States bankruptcy act said interest had been transferred to them.

On February 1, 1901, William W. Whittredge, being then the sole succeeding trustee under said will, filed this suit for instructions. On April 22, he was summoned to appear as party defendant in the case of *Dibble et al.* v. *Sweetser et al.*, in the United States District Court. He accepted service and appeared by counsel June 12, 1901. July 1, 1901, Hammond filed a petition in said case to be made a party. In the petition he alleged, among other things, that the assignees were not entitled to Sweetser's interest as against him as assignee of the Florence Machine Company; among other reasons, because such rights as said assignees had, if any, were barred by the statute of limitations. U. S. Rev. Stat. § 5057. Whittredge, trustee, also filed an answer, alleging the pendency of the suit in equity No. 386, brought by the Florence Machine Company, and that his predecessor had been made a party therein; and also alleging that he, Whittredge, had filed this suit for instructions, and also that the right of action of the assignees was barred by the limitations of law.

On February 10, 1904 (the said assignees Dowse and Kyle having disputed the right of said John C. Hammond to be subrogated to the rights of the Florence Machine Company as to the claims proved by said company against the estate in bankruptcy of said Sweetser in 1878, and having petitioned to have said claims expunged), the United States District Court made a decree in favor of said Hammond.

The decree has since been affirmed by the United States Circuit Court of Appeals. *Dowse et al.* v. *Hammond*, 130 Fed. Rep. 103.

The suit in equity in the United States District Court, brought by the assignees of Sweetser in the first bankruptcy, has been continued from time to time at the request of the assignees, who have appeared for that purpose at the callings

of the docket to await the termination of the life interests in the trust fund.

As already stated, no hearing has been had either upon the said demurrers or upon the merits.

That part of the trust fund held by Whittredge, as trustee, which is the subject matter of this suit, consists of property worth about $18,000.

The Supreme Judicial Court decreed that Sweetser's interest in the fund passed to his assignees in bankruptcy. 189 Massachusetts, 45. And it was decreed that Hammond, as assignee of the Florence Machine Company and as assignee of the Monitor Oil Stove Company, had "no rights in said equitable interest either by reason of the provisions of the United States Revised Statutes, § 5057, or otherwise."

*Mr. Hollis R. Bailey*, for plaintiff in error, submitted:

Under §§ 5044, 5045, 5046, Rev. Stat., the bankrupt Sweetser, in November, 1881, had such title to the asset in question that the Florence Machine Company could, by making an equitable attachment, render it necessary for the assignees to take proper steps to resist the same.

A bankrupt has a good title to his assets as against all the world except his assignees in bankruptcy. Under the later English law a bankrupt may maintain an action against a debtor, unless there is interference on the part of the assignees: *Clark* v. *Calvert*, 3 J. B. Moore, 96, 112; *Herbert* v. *Sayer*, 5 Q. B. 965, 975; *Semple* v. *Railway Co.*, 2 Jurist. 296; *Fyson* v. *Chambers*, 9 M. & W. 460; and as to the law in Massachusetts, see *Gay* v. *Kingsley*, 11 Allen, 348; *Mayhew* v. *Pentecost*, 129 Massachusetts, 332; *Herring* v. *Downing*, 146 Massachusetts, 10. The Federal law is similar. *Amory* v. *Lawrence*, 3 Clifford, 523; *Taylor* v. *Irwin*, 20 Fed. Rep. 615; *Glenny* v. *Langdon*, 98 U. S. 20; *Sparhawk* v. *Yerkes*, 142 U. S. 1, 13; *Sessions* v. *Romadka*, 145 U. S. 29, 51.

The attachment made by the Florence Machine Company rendered it necessary for the assignees at their peril to inter-

vene and contest the same within two years under § 5057, Rev. Stat., as to the scope whereof see *Bailey* v. *Glover,* 21 Wall. 342, 346; *Rock* v. *Dennett,* 155 Massachusetts, 500; *Pritchard* v. *Chandler,* 2 Curtis C. C. 488; *Walker* v. *Towner,* 16 N. B. R. 285, 287; *Avery* v. *Cleary,* 132 U. S. 604, all of which hold that it applies to adverse claims made by third parties after the bankruptcy, and that assignees are bound to dispute such claims within two years of the time when they are asserted. *Dushane* v. *Beall,* 161 U. S. 513, did not overrule this rule, *In re Conant,* 5 Blatch. 54, nor can those cases be considered as overruled.

Assuming that the assignees were not bound by § 5057, Rev. Stat., to intervene within two years, they nevertheless were bound to intervene at their peril within a reasonable time. *Squire* v. *Lincoln,* 137 Massachusetts, 399; *Taylor* v. *Irwin,* 20 Fed. Rep. 615.

They did not intervene for over sixteen years and after the expiration of two years it was reasonable for the bankrupt and his subsequent creditors to assume that the assignees had abandoned this asset. The interest of Sweetser under the will appeared of record in the probate court. There was no fraudulent concealment of the asset by the bankrupt. No examination was made of the bankrupt. He was allowed to obtain his discharge. *Sparhawk* v. *Yerkes,* 142 U. S. 1, 14; *Taylor* v. *Irwin,* 20 Fed. Rep. 615, 618.

The assignees' rights were not preserved by the suit of *Dibble* v. *Sweetser,* as the Florence Machine Company was not a party thereto, or, so far as appears, ever heard of it until twenty years later.

*Mr. Warren Ozro Kyle,* with whom *Mr. Fred Joy* was on the brief, for defendants in error, the assignees in bankruptcy:

Nothing in the record shows lack of diligence by the assignees. The failure to schedule the property and concealment of it from the assignees in bankruptcy for several years was clearly in fraud of the bankrupt law, and cannot constitute such an

immunity as to deserve protection under the judiciary act or any other law of the United States.

A plaintiff bringing a bill in equity under the provisions of the Public Statutes, c. 151 § 2, cl. 11, and the statute of 1884, c. 285, § 1, to reach property of the debtor which cannot be come at to be attached or taken on execution in a suit at law against such debtor, does not thereby acquire a lien on the property which will prevent it passing to an assignee in insolvency. *Trow* v. *Lovett*, 122 Massachusetts, 571; *Squire* v. *Lincoln*, 137 Massachusetts, 399; *Powers* v. *Raymond*, 137 Massachusetts, 483; *Fish* v. *Fiske*, 154 Massachusetts, 302, 304.

Section 5057, Rev. Stat., does not apply to à case like the present. *Dushane* v. *Beall*, 161 U. S. 513.

This is not a suit between an assignee in bankruptcy and a person claiming an adverse interest. The petitioner, who is the trustee under the will, claims no adverse interest and does not plead the statute. *Nash* v. *Nash*, 12 Allen, 345; *Minot* v. *Tappan*, 127 Massachusetts, 333, 338; *In re A. H. English*, 6 Fed. Rep. 276.

All statutes of limitation begin to run from the time the cause of action accrues, and, in this case, could not run until the right to the possession of the Sweetser half of the fund fell to the assignees, on the death of the bankrupt's mother, the last survivor of the testator's three sisters. Perry on Trusts, § 860; *French* v. *Merrill*, 132 Massachusetts, 525, 527, and cases there cited.

As it was necessary to await the termination of the life interests before any one claiming through the remainderman could claim possession of the fund, the assignees in bankruptcy have not been remiss, and the delay, if any, has not operated to the prejudice of anybody, hence there has been no laches. *Haven* v. *Haven*, 181 Massachusetts, 573, 579; *Tucker* v. *Fisk*, 154 Massachusetts, 574, 579, and cases cited; *Ryder* v. *Loomis*, 161 Massachusetts, 161, 163; *Beale* v. *Chase*, 31 Michigan, 532; *New York Bank Note Co.* v. *Hamilton*

*Co.,* 28 N. Y. App. Div. 411; *Ulman* v. *Clark,* 75 Fed. Rep. 868.

Mr. Justice McKenna, after stating the case as above, delivered the opinion of the court.

A motion is made to dismiss, which, we think, should be denied. Plaintiff in error sets up rights under § 5057 Rev. Stat., which were adjudged against him. The court said:

"The defendant Hammond admits that when the testator died Elbridge had either a vested remainder in one-half of the trust fund of $25,000 subject to the life estates created by this item of the will, and subject to the class being opened on the birth of further child or children of the life tenants, or a vested interest in a contingent remainder, and that 'in either case' his interest was 'assignable.'

"His contention, however, is that the assignees are barred by U. S. Rev. Sts. § 5057."

The court decided against the contention, and decided, besides, that "the title of the assignees in bankruptcy became complete on the assignment to them of this interest in remainder," and that "the ownership drew after it the possession," which has continued ever since, "and all persons are barred by U. S. Rev. Sts. § 5057, from controverting it." In other words, the court decided that § 5057, did not preclude the assignees from asserting rights against plaintiff in error, but precluded him from asserting rights against them. Defendants in error, however, urge that the court's decision resulted from facts found or admitted and from general principles of law, and "there remained in the case no question as to any title, right, privilege or immunity under a statute of the United States; and that the court expressly declined to choose 'between the opinion in *Dushane* v. *Beale,* 161 U. S. 513, and the decision in *Rock* v. *Dennett,* 155 Massachusetts, 500.'"

But rights under a statute of the United States were claimed by plaintiff in error and that statute was referred to by the

Supreme Judicial Court and was an element in its decision.
We think also that the decree rendered was final for the pur-
poses of this writ of error.   We therefore overrule the motion
to dismiss and go to the merits.

On the merits nine errors are assigned, but plaintiff in error
asserts that the questions really involved are only four, namely
Had Sweetser such "amount of title" in the trust fund that
the - Florence Machine Company could make an equitable
attachment?   Did § 5057, render it necessary for the assignees
to intervene and contest the attachment within two years?
If not within two years, then within a reasonable time?   Was
the machine company, in November, 1881, barred by § 5057
from bringing the attachment suit?

Section 5044 of the Revised Statutes required the register
in bankruptcy to transfer by instruments under his hand
all of the estate of the bankrupt.   The assignment related
back to the commencement of the proceedings, and operated
to vest the title in the assignee.   Section 5046, in most com-
prehensive terms, vested in the assignees all rights in equity
and choses in action which the bankrupt had, and 5047, all
of his remedies.   Section 5057 reads as follows:

"No suit either at law or in equity shall be maintainable
in any court between an assignee in bankruptcy and a person
claiming any adverse interest touching any property or rights
of property transferable to or vested in such assignee unless
brought within two years from the time when the cause of
action accrues for or against such assignee."

Under these provisions the contention of plaintiff in error
is, that, notwithstanding the bankruptcy and the broad
language of the sections referred to, Sweetser had an interest
in the trust fund that could be assigned or attached, and in
such way a title could be acquired good against all the world
except the assignees, and good against the assignees by their
inaction within the time prescribed by § 5057, or by their
abandonment.   Applying this principle plaintiff in error
contends that "three years having elapsed without anything

having been done by the assignees in the way of disposing of this equitable asset, the bankrupt, in November, 1881, had such an amount of title that he could have brought a suit against the trustees under the will to obtain his share, assuming that the contingency had then happened upon which the right to a distribution depended." And that Sweetser, having such title, it followed, it is contended, that the Florence Machine Company, a subsequent creditor, could make an equitable attachment and make it incumbent upon the assignees to assert their rights within two years, in accordance with § 5057. The Supreme Judicial Court met this contention by the effect of the local law. The court said:

"The title of the assignees in bankruptcy became complete on the assignment to them of this interest in remainder. In this commonwealth notice to the trustees is not necessary to complete the title of an assignee of an interest in the property held in trust by them. *Thayer* v. *Daniels,* 113 Massachusetts, 129, and cases there cited. See also *Putnam* v. *Story,* 132 Massachusetts, 205; *Butterfield* v. *Reed,* 160 Massachusetts, 361. By virtue of the assignment in bankruptcy, the complete ownership in this incorporeal interest in this personal property became vested in the assignees, and the ownership drew after it possession, so far as the interest here in question (an incorporeal interest because an interest in remainder) is capable of possession. This result is not affected by the fact that the assignees were for a time ignorant of the existence of this property of the bankrupt. This ownership and possession in the assignees has continued ever since, and all persons are barred by U. S. Rev. Sts. § 5057, from controverting it. The contention that one in possession of property is barred from exercising the rights, which that ownership confers on the owner, by not having brought an action, is groundless. Under these circumstances we have not found it necessary to choose between the opinion in *Dushane* v. *Beale,* 161 U. S. 513, and the decision in *Rock* v. *Dennett,* 155 Massachusetts, 500."

The cases referred to are antagonistic in their construction of § 5057. In *Rock* v. *Dennett*, it was held that the limitations expressed by that section applied to adverse claims arising after the assignment in respect to property vested in the assignee.

In *Dushane* v. *Beale*, 161 U. S. 513 the court said: "That limitation [Section 5057, Rev. Stat.] is applicable only to suits growing out of disputes in respect of property and of rights of property of the bankrupt which came to the hands of the assignee to which adverse claims existed while in the hands of the bankrupt and before assignment."

Defendant in error contends for the construction expressed in *Rock* v. *Dennett*, 155 Massachusetts, 500 against that expressed in *Dushane* v. *Beale*, and insists that the latter case does not overrule prior cases upon which *Rock* v. *Dennett* was based. We will not stop to reconcile *Dushane* v. *Beale*, with prior cases. It is a later utterance by this court, and disposes of the contention of plaintiff in error based on § 5057, Rev. Stat.

The Supreme Judicial Court also found adversely to plaintiff in error's contention that the assignees had abandoned the property. The court said: "The only other contention made by the defendant Hammond is equally groundless, to wit, that the assignees abandoned this property. The contention is put on the ground that they did not sell their interest in remainder in this fund. Were that all that appeared the argument would be without merit. But that is not all." And, referring to the suit brought by the assignees in the District Court in 1882, said further: "This bill apparently was brought by the assignees as soon as they learned of the existence of the fund and of the fact that creditors of Elbridge were seeking to reach and apply this interest of Elbridge in satisfaction of the debt due from him to them. The bringing of this bill (which seems to have been a bill in the nature of a bill *quia timet*) disposes of the contention

that it was in fact the intention of the assignees to abandon this property."

We think that the record sustains the conclusion of the court.

These views dispose of all the questions in the case.

*Decree affirmed.*