**In re ROBINSON.**

No. 62204.

District Court, D. Massachusetts.

Dec. 20, 1940.

John H. Hopwood, of Boston, Mass., for Edith M. Adams.

Walter J. MacDonald, of Brockton, Mass., for trustee.

BREWSTER, District Judge.

In these proceedings, the referee's certificate brings for review his order denying a motion to dismiss a turnover petition on the ground that he was without jurisdiction to act in summary proceedings.

The trustee in bankruptcy brought a petition for an order requiring the respondent, Edith M. Adams, to convey to him certain real estate which she held as trustee for the use and benefit of the bankrupt.

It appears that in 1934 the real estate was conveyed to the respondent in trust nevertheless as follows: That during the life of the bankrupt she should pay to him the net rents and profits thereof or at his election allow him to occupy and enjoy the estate, and at his death convey the same to such persons as he might appoint in his will, and in default of appointment to his heirs at law. The trustee in her discretion could at any time upon the request in writing of the bankrupt sell or mortgage the real estate or convey it to the bankrupt, thereby terminating the trust. The trustee was further authorized to turn over to the bankrupt the proceeds of any mortgage which might be placed upon the premises.

The referee has found after taking evidence that the bankrupt managed the property, hired labor and purchased material for improvements, negotiated leases and a mortgage on the property, which was executed by the trustee, and that he received the rents and the proceeds of the mortgage.

The said respondent was scheduled as an unsecured creditor for the sum of $3,200. She proved, as an unsecured creditor, a claim for that amount which was allowed but later the trustee filed a petition to have the claim disallowed. While this petition was pending, the trustee filed a petition for a turn-over order, which was later amended.

After this petition for a conveyance was filed, the said respondent filed a motion to

dismiss on the ground that the Referee had no jurisdiction to adjudicate the matter in summary proceedings. This motion was denied on two grounds: First, that on the evidence before him he was able to find that the title of the respondent Adams was merely colorable; and second, that the respondent had consented to the jurisdiction.

 It is settled that where property is in the hands of a bankrupt agent, or when held by one who makes a claim colorable only, the court has constructive possession of the property and has jurisdiction to summarily adjudicate controversies concerning the same. Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Taubel-Scott-Kitzmiller Co., Inc. v. Fox et al., 264 U.S. 426, 432, 44 S.Ct. 396, 68 L.Ed. 770; May v. Henderson, 268 U.S. 111, 115, 45 S.Ct. 456, 69 L.Ed. 870; White v. Barnard, 1 Cir., 29 F.2d 510, 512.

There can be no doubt that the referee could determine in the first instance whether the court had actual or constructive possession of the property belonging to the bankrupt estate (Taubel-Scott-Kitzmiller Co., Inc. v. Fox, supra; Harrison, Trustee, v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897) and to that end he may inquire into the nature of the respondent's possession and into any adverse claim, so far as may be necessary to ascertain whether the title is more than colorable. Chandler et al. v. Perry, 5 Cir., 74 F.2d 371.

It is equally clear that the property in question belonged to the bankrupt estate though held by the respondent as trustee in view of the particular terms of the trust. Hammond v. Whittredge, 204 U.S. 538, 27 S.Ct. 396, 51 L.Ed. 606.

There was abundant evidence adduced at the hearing before the referee to warrant a finding that the respondent was acting merely as a dummy holding the bare legal title to the real estate, with the control and beneficial interest in the bankrupt.

Respecting the second ground upon which the referee based his motion, it is now settled that jurisdiction of the referee to act in summary proceedings may be exercised if the claimant consents thereto. MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093; 8 Corpus Juris Secundum, Bankruptcy, § 342, Page 1123.

It is not clear from the record whether this respondent raised the question of jurisdiction until after hearings had been held. If so, she was too late. Page v. Arkansas Natural Gas Corp., 286 U.S. 269, 271, 52 S.Ct. 507, 76 L.Ed. 1096.

If the motion was seasonably filed, it is doubtful whether, by proving her claim, the respondent consented to summary proceeding involving an adjudication of her title to the real estate. Morton G. Thalhimer, Inc. v. Florance, 4 Cir., 58 F.2d 23.

It may well be, however, that the respondent's claim as a creditor was so interwoven with her right to the real estate that when she presented her claim in the bankruptcy proceedings, she consented to an adjudication of her interest in the real estate. This apparently was the view taken by the referee. It is not necessary to decide whether he erred in so doing because his jurisdiction in the premises rests solidly upon another ground.

The referee's order denying the motion to dismiss is affirmed.