**In re HUTCHERSON.**
**HUTCHERSON v. JEFFREY.**
No. 8045.

Circuit Court of Appeals, Seventh Circuit.

Feb. 24, 1943.

Julian C. Ryer, of Chicago, Ill., for appellant.

Isidore Feibleman, Ralph Bamberger, Julian Bamberger, and Charles B. Feibleman, all of Indianapolis, Ind., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an order in favor of appellee, trustee in a bankruptcy proceeding, entered April 8, 1942, reversing an order of the Referee favorable to appellant.

On the merits, the controversy involves the effect to be given an assignment of a judgment by Grover C. Hutcherson (the bankrupt) to his brother, Charles W. Hutcherson (appellant). The contention is also made that the issue is one which could be determined only by plenary suit, and that, the trustee having proceeded by summary action, the court was without jurisdiction.

Grover C. Hutcherson, who had long been engaged in the canning business, filed his voluntary petition in bankruptcy August 28, 1939 and shortly thereafter was adjudicated a bankrupt. Prior thereto and on June 18, 1938, he procured a judgment in the Jay Circuit Court in Jay County, Indiana, against Charles Clamme, which, by a written instrument, was assigned to appellant on July 1, 1938. This assignment was not placed of record or attached to the judgment docket. On December 12, 1940, the trustee filed his petition in the bankruptcy proceeding for an order requiring the bankrupt and his brother (appellant) to appear before the trustee for examination as to the circumstances of the assignment and to show cause why the proceeds of the judgment should not be paid to the trustee. As a result, a hearing was had before the Referee, who determined adversely to the trustee. This determination was overruled by the District Court in the order from which the appeal comes.

There is nothing in the record disclosing the proceedings before the Referee or the testimony heard, except as shown in the Referee's certificate on review and the trustee's petition for review. It is apparent therefrom that the parties appeared and a hearing was had on the trustee's contention that he was entitled to the proceeds of the judgment. Among the witnesses who testified were the bankrupt and appellant. Briefs were filed by the trustee and appellant before the Referee, and again before the Court on petition for review.

The trustee states that appellant raised the jurisdictional question for the first time in his designation of points to be relied upon on appeal. There is nothing in the record to indicate to the contrary, and we accept the trustee's statement as a fact. Whatever merit there may be in appellant's contention with respect to jurisdiction, we need not discuss or decide for the reason that it cannot be properly raised in this Court for the first time. At any rate, we agree with the numerous authorities which have so held. In re Pinsky-Lapin & Co., 2 Cir., 98 F.2d 776; In re West Produce Corp., 2 Cir., 118 F.2d 274; Talcott, Inc., v. Glavin, 3 Cir., 104 F.2d 851; In re Robinson, D.C., 36 F.Supp. 11.

The facts surrounding assignment of the judgment, as stated by the Referee, are to the effect that the bankrupt promised appellant to pay him for labor services theretofore performed when he collected what was owing him from Clamme. Judgment was recovered against Clamme and the assignment made, as heretofore stated. On appeal by Clamme, the judgment was affirmed by the Appellate Court of Indiana, subsequent to the commencement of the bankruptcy proceedings, and the amount thereof paid by Clamme to the Clerk of the Jay Circuit Court. The books of the bankrupt disclose no indebtedness to appellant, which the assignment purported to include. (The bankrupt's books and schedules in bankruptcy disclose other indebtedness to appellant evidenced by promissory notes.) The bankrupt became insolvent in the early part of 1939. It was conceded by the trustee before the Referee,

as it is here, that the unrecorded judgment assignment conveyed an equitable title to appellant.[1]

█ We think the trustee's concession that no more than an equitable title was passed by the assignment is sustained by the Indiana law. Section 416, Baldwin's Indiana Statutes (1934) provides that a judgment may be assigned and title passed to the assignee when the assignment is attached to the entry of such judgment. Section 417 (same statutes) provides that the payment of such judgment to the assignor shall be valid if made before notice of assignment to the judgment debtor. The courts of the state have held that assignment of a judgment without compliance with Section 416 passes the equitable but not the legal title. Robeson v. Roberts et al., 20 Ind. 155, 161, 83 Am.Dec. 308; Kelley v. Love, Executor, 35 Ind. 106; Thomas v. Irwin et al., 90 Ind. 557. As between the parties, it would appear, therefore, that such an assignment is valid and binding.

In the instant case, there is no claim that any creditor obtained rights superior to those of the assignee by subsequent purchase, attachment, garnishment or otherwise. Neither is there any contention that the assignment was fraudulent, and we treat it, as have the parties, as having been made in good faith on account of an antecedent debt.

The trustee contends, properly we think, that upon bankruptcy legal title to the judgment passed to him. Upon this premise, the trustee argues that the assignment constitutes a preference within the Chandler amendment to Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, which became effective September 22, 1938. Appellant argues that this amendment is not applicable for the reason that the assignment was made almost three months before it became effective and that it should not be given a retroactive effect. It is also argued that its application would destroy a vested right which the assignee obtained under the Indiana law.

The case below was tried largely, and perhaps entirely, upon the question of the applicability of the Chandler amendment.

The Referee concluded that it had no application for the reasons advanced by the appellant. The District Court in overruling the Referee assigned no reason for its action but it may be assumed, we think, that the Court thought the amendment was applicable.

Section 60, sub. a provides: "A preference is a transfer, * * * of any of the property of a debtor * * * for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition in bankruptcy. * * * *For the purposes of subdivisions a and b of this section, a transfer shall be deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein, and, if such transfer is not so perfected prior to the filing of the petition in bankruptcy * * * it shall be deemed to have been made immediately before bankruptcy."*

Paragraph b provides in part: "Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent."

█ The italicized portion of paragraph a is relied upon by the Trustee. It is argued that the assignment must be deemed to have been made just prior to the filing of the petition in bankruptcy inasmuch as a bona fide purchaser could have acquired rights superior to those of appellant. It is not disputed but that under the law of Indiana a subsequent bona fide purchaser would have acquired the judgment free and clear of any lien in favor of appellant. It is argued, however, that the application of the Chandler amendment would destroy an existing vested right. It is our view that this contention cannot be sustained. Its fallacy seems apparent when the nature of the right is considered. Such right or interest was good only as between

---

[1] We note a statement in the summary of evidence included in the Referee's certificate that appellant testified the purpose of the assignment was to secure the indebtedness owed by the bankrupt. In view of the Referee's conclusion, conceded by the trustee to be correct, that under the law of Indiana an equitable title was conveyed, we make no effort to distinguish between a right thus created and the procurement merely of an equitable lien.

appellant and the assignor, subject to be divested by sale of the judgment to a subsequent bona fide purchaser. In such event, appellant would no longer have had any interest in or title to the judgment. His right, if any, would have been changed to an action against the assignor for his wrongful act in transferring the judgment to a subsequent purchaser.

Appellant's right in the judgment was also subject to the provisions of the Bankruptcy Act in the same manner that it was subject to the act of the assignor in case of a subsequent transfer. Thus the so-called destructive language of the Chandler Act was merely the equivalent of the destructive power which appellant permitted to remain in the hands of the assignor. In one instance, his only claim would have been against the assignor; in the present instance, it is against the latter's bankruptcy estate. The right acquired by appellant was at all times dependent upon the financial ability of the assignor to make good any violation of the secret relation existing between them. In this situation, appellant, upon the advent of bankruptcy, was in no different position than that occupied by other unsecured creditors.

Furthermore, even if appellant's contention as to the non-applicability of the Chandler Act be accepted, we still think the assignment constituted a voidable preference. Section 60, prior to the Chandler amendment, 11 U.S.C.A. § 96, provided: "Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of recording or registering of the transfer, if by law such recording or registering is required or permitted." It may be that by the law of Indiana a judgment assignment is not required to be recorded, but there can be no question but that it is permitted. Under the provision last quoted "the transfer is to be treated as made on the date the agreement was recorded, so the transferee's belief or cause for belief concerning it must relate to that time." McElvain v. Hardesty, 2 Cir., 169 F. 31, 36. It therefore appears that under this prior provision appellant's knowledge as to the financial condition of the assignor should be determined as of the date of bankruptcy. By this test, the unrecorded assignment would constitute a voidable preference.

Neither do we think there is any merit in appellant's argument that the Chandler Act can be applied only by giving it a retroactive effect. The Act became effective September 22, 1938 and the petition in bankruptcy was filed August 28, 1939. Appellant's contention in this respect is predicated upon the fact that the assignment was made prior to the effective date of the Act. As heretofore pointed out, however, the assignment was at all times subject not only to the bankruptcy law as it existed at the time the assignment was made, but also to the bankruptcy law as amended during the period when the assignment remained a secret between the parties.

The order of the District Court is affirmed.