**In re REA EXPRESS, INC., f/k/a Railway Express Agency, Inc., Bankrupt.**

Bankruptcy No. 75 B 253.

United States Bankruptcy Court, S. D. New York.

March 26, 1981.

Marcus & Angel, New York City, co-counsel for trustee.

Whitman & Ransom, New York City, for trustee.

Seham, Klein & Zelman, New York City, for BRAC Emp.

Wisehart, Friou & Koch, New York City, for trustee.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

C. Orvis Sowerwine, as trustee of REA Express, Inc., (REA), has moved for authority to discontinue the appeal of an antitrust action, *REA Express Company, Inc. v. California Motor Transport Company*, which is presently pending before the Court of Appeals for the Ninth Circuit. After hearing on notice held on March 24 at which time the objections of Wisehart, Friou & Koch as former special counsel to the trustee were voiced, and after review of the documents submitted, the record of this case, and the relevant case law, this Court grants the motion of the trustee.

The litigation presently at issue may be a victim of the warfare between the trustee, together with his bankruptcy co-counsel Whitman & Ransom, and the firm of Wisehart, Friou and Koch which has existed at least since 1976. The California action, commenced on August 15, 1972 by Wisehart and Koch, in conjunction with Mr. Khourie, charges conspiracy by certain motor carriers beginning in 1959 to block the granting of operating authority to REA in California in violation of Sections 1 and 2 of the Sherman Act. The complaint was modeled on the one used in the successful case of *California Motor Transport v. Trucking Unlimited,* 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). On February 18, 1975 REA filed a petition under Chapter XI of the Bankruptcy Act and the provision of that act continue to control all actions or proceedings in this case. Bankruptcy Code, Section 403(a). Shortly thereafter, on June 30, 1975, Broad, Khourie & Schulz, as California counsel to REA, filed a second amended complaint in the antitrust action which added two more parties. By November of 1975, REA's reorganization had failed, REA was adjudicated a bankrupt and the trustee was qualified.

Although an order was signed by this Court on May 16, 1977 retaining Broad, Khourie & Schulz for continued prosecution of the California Transport litigation, some dispute developed concerning the terms of that retention and, based on the information provided at the hearing, the firm has provided no services since 1977. In August 1980, a motion was made by one of the California defendants to dismiss the action for want of prosecution. At about the same time the Khourie firm applied to the California court to be relieved as counsel of record. Donald Wallace, as counsel to the trustee, appeared at the hearing on the dismissal motion and argued in opposition to it. Judge William Ingram, of the Northern District of California, granted the motion to dismiss.

The trustee retained new local counsel, Dunne, Phelps, Mills & Jackson, who filed the notice of appeal to the U. S. Court of Appeals for the Ninth Circuit. At the hearing before this Court, Mr. Friou questioned the propriety of the trustee's retention of this firm as Dunne, Phelps has represented railroad interests and may actually have represented some of the defendants in this action several years ago. This possibility of conflict is not germane to the only issue before this Court, whether continued prosecution is in the best interests of the estate.

Under the local rules of that circuit, in order for that appeal to be perfected briefs must be filed by March 30, 1981. Therefore this Court has endeavored to determine as quickly as possible whether the estate and its creditors would be better served by prosecution or abandonment of this appeal.

■ The trustee seeks authority to discontinue the appeal, that is, to abandon a cause of action which is property of the estate. "It is settled that a trustee in bankruptcy is not obligated to accept onerous or unprofitable property when surrendered as part of the estate ..." *Stanolind Oil & Gas Co. v. Logan,* 92 F.2d 28, 31 (5th Cir. 1937). The trustee, as representative of the estate and its creditors, has the right and the duty to determine if a suit should be abated, provided that such action would be in the best interests of the estate. See *Meyer v. Fleming,* 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946). Rule 608 of the Rules of Bankruptcy Procedure authorizes this Court to approve such action under its general supervisory powers after review of the trustee's determination. See 4A *Colliers on Bankruptcy* (14th ed.) ¶ 70.42 at 510.

The California Transport litigation was dismissed for lack of prosecution. To overcome that dismissal the trustee must be able to show that the district court abused its discretion in granting the motion. *Citizens Utilities Co. v. American Tel. & Tel. Co.,* 595 F.2d 1171, 1174 (9th Cir. 1979).

"A rule of thumb as to the meaning of abuse of discretion standard provides that the trial court's exercise of discretion should not be disturbed unless there is 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached

upon a weighing of the relevant factors.'"

*Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir., 1976).

That is a very heavy burden, especially in light of the fact that Mr. Wallace did argue at the hearing and did acquaint the judge with all of the problems which had impeded the trustee's prosecution of all of the major litigations. The lawsuit was commenced in 1972 and has not been actively pursued since 1975 or 1976. The trial court was not impressed that the complexities of the bankruptcy proceeding justified the delay and outweighed the prejudice claimed by the defendants in the loss of witnesses. Absent the ability to convince the Court of Appeals that the dismissal was a clear abuse of discretion, the actual merits of the case are almost irrelevant.

An evaluation of the merits, in any event, does not suggest that there can be much gain for the estate by the continued prosecution of an action which has never really gone beyond the initial stages. The complaint alleges a conspiracy of trucking companies to inhibit REA's operations by opposing REA's various applications for operating authority within California. This Court authorized special evaluations of this litigation, in 1977. The initial analysis by Robert L. Wright, Esq. concluded that the pleadings indicated that this was a valuable cause of action *if supported by the facts.* Eight years after the commencement of the action these remain allegations only as no concrete evidence has been presented, at least to this Court's knowledge, which would prove those claims. Even the objectants to the trustee's motion to discontinue the appeal have failed to introduce any such evidence.

This Court, from its own experience as Chief of the New York office of the Antitrust Division of the United Department of Justice and as a private practitioner specializing in antitrust litigation, is thoroughly familiar with the tremendous expense entailed in the prosecution of an antitrust action, especially a claim as tenuous as the one at issue. There can be no projection of the possible benefit to the estate which complete success would bring as there has never been any assessment of the damages which REA may have suffered as a result of this conspiracy. There are millions of dollars of unpaid claims to ex-employees, and other creditors, and this Court cannot conclude that the money in this estate would be better spent in the pursuit of discovery, the taking of depositions all over the country by both parties than in the making of distributions to creditors.

Therefore, the motion of the trustee to discontinue the appeal of *REA Express Company, Inc. v. California Motor Transport Company* is hereby granted and the trustee and his counsel are hereby authorized to take all steps necessary to expeditiously effectuate that discontinuance.

It is so ordered.